UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-03684 GAF (RZx) | Date | May 12, 2011 |
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

## I. INTRODUCTION

On October 18, 2010, Plaintiff BDA Investment Properties, LLC ("Plaintiff") filed suit against Defendants Diocelina A. Sosa and Miguel Corona (collectively, "Defendants") in the Los Angeles County Superior Court alleging a state law cause of action for unlawful detainer. (Docket No. 1, Not., Ex. A [Compl.].) On March 4, 2011, Defendants removed the state court action to this Court in BDA Inv. Props., LLC v. Sosa, CV 11-01876-GAF (RZx) based on federal question jurisdiction, and the Court remanded the action back to state court on April 5, 2011, for lack of subject matter jurisdiction. Id. (Docket No. 13). After the case was remanded, Defendants again removed the state court action to this Court on April 29, 2011, alleging that subject matter jurisdiction exists in this case based on federal question and "protective jurisdiction." (Docket No. 1, Not.) In sum, Defendants allege that because Plaintiff's state law cause of action is a disguised claim under the Protecting Tenants at Foreclosure Act of 2009 ("the PTFA") and the Emergency Economic Stabilization Act of 2008 ("the EESA"), the state court action is removable pursuant to the artful pleading rule and the complete preemption doctrine. (Id. ¶¶ 6-20.) On May 9, 2011, Plaintiff filed an ex parte application to, among other things, remand this case to state court. (Docket No. 6, Ex Parte App. to Remand.) Based on the reasons discussed further below, the Court **GRANTS** Plaintiff's ex parte application and **REMANDS** the present action back to the Los Angeles County Superior Court.

JS - 6     LINKS: 1, 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03684 GAF (RZx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

## II.  DISCUSSION

### A.  FEDERAL QUESTION JURISDICTION

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  Id.  "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'"  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987).  "Generally, a claim 'arises under' federal law only if a federal question appears on the face of plaintiff's complaint."  Hyung v. Kim, 2011 WL 1543821, at *1 (C.D. Cal. Apr. 25, 2011) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).  Thus, the plaintiff is considered to be the master of the complaint and "may defeat removal by choosing not to plead independent federal claims."  ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Montana ("ARCO"), 213 F.3d 1108, 1114 (9th Cir. 2000) (citation omitted).  Here, there are no federal causes of action alleged on the face of Plaintiff's complaint. (Compl.)  As such, the only basis for federal question jurisdiction in this case would be pursuant to the "artful pleading rule."  ARCO, 213 F.3d at 1114.

"[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  Id. (internal quotation omitted).  "Since its first articulation . . . courts have used the artful pleading doctrine in (1) complete preemption cases, and (2) substantial federal question cases."  Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations omitted).  If a complaint asserts only state law claims, a federal court may still have federal question jurisdiction over the dispute if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claim."  Rains v. Criterion Sys. Inc., 80 F.3d 339, 345 (9th Cir. 1996).

#### 1.  COMPLETE PREEMPTION

"Preemption gives rise to federal question jurisdiction only when an area of state law has been completely preempted by federal law."  Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. Aug. 31, 2009) (citation omitted) (emphasis added).  Moreover, the complete preemption doctrine does not have wide applicability and is considered a narrow exception to the well-pleaded complaint rule.  Hyung, 2011 WL 1543821, at *2 (citation omitted).  In fact, only

JS - 6   LINKS: 1, 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03684 GAF (RZx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

the following three areas have been recognized as areas of complete preemption by the United States Supreme Court and Circuit law: (1) claims under the Labor Management Relations Act; (2) claims under the Employment Retirement and Insurance Security Act; and (3) certain Indian land grant rights.  See Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579, 585 (9th Cir. 1990) ("The scope of complete preemption as recognized by the Supreme Court is extremely limited, *existing only* where a claim is preempted by section 301 of the Labor Management Relations Act of 1947; where a state law complaint alleges a present right to possession of Indian tribal lands; and where state tort or contract claims are preempted by . . . the Employee Retirement Income Security Act of 1974.") (internal citations omitted) (emphasis added); see also Hyung, 2011 WL 1543821, at *2 (citation omitted).  Here, because neither the PTFA nor the EESA are recognized areas of complete preemption, the Court holds that the complete preemption doctrine does not warrant removal in the present action.

   **2. SUBSTANTIAL FEDERAL QUESTION**

   Next, Defendants also allege in the notice of removal that "Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law as to whether the PTFA and the EESA provide[] the Plaintiff a right to relief in view of Congress'[s] express and articulated objectives."  (Docket No. 1, Not. ¶ 20.)  To the extent Defendants claim that the PTFA and the EESA are federal defenses to Plaintiff's state law unlawful detainer action, this argument fails because it is well recognized that a federal defense does not support federal question jurisdiction.  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.") (citation omitted).

   Moreover, the Court also notes that the PTFA and the EESA, in general, cannot even raise a "substantial federal question" because these provisions do not create a private right of action.  See Zalemba v. HSBC Bank, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (holding that no private right of action exists under the PTFA); see Phipps v. Wells Fargo Bank, N.A., 2011 WL 302803, at *9 (E.D. Cal. Jan. 27, 2011) (holding that no private right of action exists under the EESA).

   Because it "'would . . . flout, or at least undermine, congressional intent to' find jurisdiction where there is no private federal right of action" finding "jurisdiction in this case would undermine 'Congress's intended division of labor between state and federal courts.'" Ballesteros v. Charter College, LLC, 2010 WL 3929432, at *3 (C.D. Cal. Oct. 4, 2010) (citing

JS - 6    LINKS: 1, 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03684 GAF (RZx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 812 (1986); Grable & Sons Metal Prods., Inc. v. Darue, 545 U.S. 308, 319 (2005)); see Perez, 657 F. Supp. 2d at 1161 (stating that "[w]hen there is no private right of action under a federal statute . . ., 'the presence of a claimed violation of the statute as an element of a state cause of action is ***insufficiently 'substantial' to confer federal-question jurisdiction***.'") (quoting Merrell, 478 U.S. at 814) (emphasis added).[1]

Thus, for the reasons discussed above, the Court finds that Defendants have again improperly invoked federal question jurisdiction in this case.

**B. PROTECTIVE JURISDICTION**

Defendants now also contend that removal is warranted pursuant to the notion of "protective jurisdiction" because when Congress enacted the PTFA and the EESA, it

> "recognized the national scope of the problems arising from the tsunami of foreclosures sweeping [o]n both homeowners and tenants on foreclosed properties and desired to displace state law in this arena but also to create a valid federal interest by ensuring that the federal courts, rather than state courts, are the forum to address the applicability of the PTFA and the EESA."

(Docket No. 1, Not. ¶ 24.)

The idea of "protective jurisdiction" is the notion "that Congress may, under certain circumstances, channel state-law cases involving non-diverse parties into the federal courts in order to protect federal interests that might be implicated in the litigation." Gil Seinfeld, Article I, Article III, and the Limits of Enumeration, 108 Mich. L. Rev. 1389, 1443 (2010); see BellSouth Telecomms., Inc. v. MCImetro Access Transmission, Servs., Inc., 317 F.3d 1270, 1290 (11th Cir. 2003). However, because the United States Supreme Court has never adopted the theory of protective jurisdiction and has, in fact, cast doubt as to its validity, this Court also rejects this idea as a basis for jurisdiction. See Mesa v. California, 489 U.S. 121, 122 (1989) ("There is no need to adopt a theory of 'protective jurisdiction' to support Art. III 'arising under' jurisdiction, as the Government urges. . . ."); see BellSouth, 317 F.3d at 1290 (stating that "doubt on the validity of protective jurisdiction was cast by [Mesa].") see also A.I. Trade Fin., Inc. v.

---

[1] The Court also notes that Defendants have failed to indicate in their notice of removal how a violation of the PTFA and the EESA is an element of Plaintiff's state law unlawful detainer action. This reasons also warrants the Court to find that there is no substantial federal question in this case. Rains, 80 F.3d at 345.

JS - 6  **LINKS: 1, 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03684 GAF (RZx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

Petra Intern. Banking Corp., 62 F.3d 1454, 1461-62 (D.C. Cir. 1995) (stating: "As Mesa illustrates, the Court has rejected the notion of a 'protective jurisdiction' that goes beyond the reach of any substantive federal law." Also, explaining that "[i]t is not enough simply to decide whether 'federal interests' are at stake; that would be to adopt the very notion of a protective jurisdiction that the Supreme Court has consistently disavowed.").

Accordingly, the Court also holds that "protective jurisdiction" does not warrant removal in the present action.

### C. TIMELINESS OF REMOVAL

Finally, the Court notes that Defendants' removal does not comply with the 30-day time limit prescribed by 28 U.S.C. § 1446(b). "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Further, defendants waive the right to remove by failing to file a notice of removal within the 30-day time limit. Goldberg v. CPC Int'l, Inc., 495 F. Supp. 233, 236-37 (N.D. Cal. 1980). Here, Defendants were served with the complaint on October 24, 2010, (Docket No. 6, Ex Parte App. to Remand, Brown Decl., Ex. C [Proof of Service]), and this action was removed on April 29, 2011. (Docket No. 1.) Because Defendants removed the action approximately half a year after they were served with the complaint, removal was clearly not within the 30-day period provided by 28 U.S.C. § 1446(b).

Thus, because the Court lacks subject matter jurisdiction over the present action and removal was untimely, this case is hereby **REMANDED** back to the Los Angeles County Superior Court.[2]

### D. PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS

Next, in its ex parte application to remand, Plaintiff has also requested attorney's fees and costs in the amount of $2,100 pursuant to 28 U.S.C. § 1447(c). (Ex Parte App. to Remand at 2.)

---

[2] Plaintiff requested in its ex parte application that "the remand order be '*nunc pro tunc*' to the date of filing [April 29, 2011], to preserve the unlawful detainer judgment that was granted by the Los Angeles Superior Court on May 2, 2011. . . ." (Ex Parte App. to Remand at 2-3.) However, because there is no authority for such a request and Plaintiff has failed to indicate that removal had an effect on the state court judgment, the Court declines to grant this request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03684 GAF (RZx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | BDA Investment Properties LLC v. Diocelina A Sosa et al | | |

Under 28 U.S.C. § 1447(c), the Court may in its discretion "require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, however, "a court may not award attorney's fees pursuant to § 1447(c) unless 'the removing party lacked an objectively reasonable basis for seeking removal.'" Sign Designs, Inc. v. Johnson United, Inc., 2011 WL 1549396, at *3 (E.D. Cal. Apr. 21, 2011) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

Here, because this *same* action was previously remanded by this Court on April 5, 2011, BDA Inv. Props., LLC, CV 11-01876-GAF (RZx) at 1-2 (Docket No. 13), and the current basis for removal is *devoid* of merit and *blatantly* well past the 30-day period for removal, the Court finds that Defendants lacked an objectively reasonable basis for seeking removal. As such, Defendants are **ORDERED TO SHOW CAUSE by the close of business on Wednesday, May 18, 2011**, why they should not be ordered to pay Plaintiff's fees and costs as a result of the removal.

Further, if this Court decides to award Plaintiff its fees and costs, it will require them to provide the basis for the $2,100 that was requested in its ex parte application. (Ex Parte App. to Remand at 2.) Plaintiff can satisfy this requirement by providing the Court with a detailed billing statement, which should include the total hours billed and the hourly rates charged by the attorney(s) that worked on this matter, **by the close of business on Wednesday, May 18, 2011**.[3]

### III. CONCLUSION

Based on the aforementioned discussion, the present action is hereby **REMANDED** back to the Los Angeles County Superior Court. Further, the Court will address whether Plaintiff is entitled to its fees and costs after it receives Defendants' response to the order to show cause.

**IT IS SO ORDERED.**

---

[3] Plaintiff also seeks an order by this Court enjoining Defendants and their attorney "from filing more repeated Notices of Removal. . . ." (Id. at 2.) This Court finds that an injunction is premature because there are other ways of dealing with Defendants and their attorney should they remove the state court action to this Court again.